UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NASHAY EDNA LESANE,

        Plaintiff,

v.                                   Case No:   6:25-cv-233-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

## ORDER

Before the Court is Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d).  Doc. No. 24.  Upon review, the motion will be granted in part and denied in part.

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application for disability benefits.  Doc. No. 1.  Pursuant to an unopposed motion to remand, on July 30, 2025, the Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. Nos. 20–21.  Judgment was entered in favor of Plaintiff and against the Commissioner the following day.  Doc. No. 22.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. No. 24.  Plaintiff requests a total of $9,719.75 in attorney's fees[1] under the EAJA, for 37.7 hours of work performed by Plaintiff's counsel in 2025.  *Id.* at 1, 3; Doc. No. 24-1, at 18–20.  Plaintiff also requests that the Court authorize payment of the EAJA award directly to her counsel based on an assignment.  Doc. No. 24, at 1; Doc. No. 24-2.  The Commissioner does not oppose the motion.  Doc. No. 24, at 4.

Upon consideration, and absent any objection from the Commissioner, the motion is due to be granted to the extent that it requests an award of $9,719.75 in attorney's fees under the EAJA.  However, insofar as Plaintiff requests that the Court honor the assignment of the EAJA award directly to her counsel (Doc. No. 24-2), the motion is due to be denied because Plaintiff has not demonstrated compliance with 31 U.S.C. § 3727(b).  *See Crumbley v. Colvin*, No. 5:13-cv-291 (MTT), 2014 WL 6388569, at *4–5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *3, 5 (M.D. Fla. Nov. 8, 2013).

Accordingly, Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 24) is **GRANTED in part**, to the extent that Plaintiff is

---

[1] This total amount also includes $12.00 in paralegal fees, which are recoverable under the EAJA.  *See, e.g.*, *Melvin v. Bisignano*, No. 8:25-cv-43-CPT, 2025 WL 2373915, at *2 (M.D. Fla. July 18, 2025) (stating that paralegal rates are recoverable under the EAJA at the prevailing market rate).

awarded a total of $9,719.75 in attorney's fees under the EAJA. The motion is **DENIED** in all other respects.[2]

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.